IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CHRISTOPHER REDFERN, | : | Civil No. 3:23-cv-833 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN BARRAZA, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner David Christopher Redfern ("Redfern"), an inmate confined at the Federal Correctional Institution, Allenwood Medium, Pennsylvania ("FCI-Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Redfern requests that the Court order the Bureau of Prisons ("BOP") to correct his custody classification and transfer him to a low security facility or residential reentry center. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition.

**I.   Background**

Redfern is serving a 60-month term of imprisonment imposed by the United States District Court for the Middle District of North Carolina for conspiracy to commit wire fraud, wire fraud, and bank fraud. (Doc. 6-1, pp. 5-8). Redfern's projected release date is June

12, 2024, via First Step Act release. (*Id.*). He is currently classified as a medium security inmate and housed at FCI-Allenwood.[1] (*Id.* at p. 10).

The Administrative Remedy Generalized Retrieval reveals that Redfern has not filed any administrative remedies while in BOP custody. (*Id.* at p. 9).

In his § 2241 petition, Redfern requests the Court to order the BOP to "remove the detainer points and education points" and transfer him to a low security facility or residential reentry center. (Doc. 1, p. 5). Respondent argues that Redfern's § 2241 petition must be dismissed because Redfern failed to exhaust his administrative remedies, and because his claims are not cognizable under § 2241. (Doc. 6).

## II. Discussion

### A. Exhaustion of Administrative Review

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62.

---

[1] BOP institutions are classified into one of five security levels: minimum, low, medium, high, and administrative. *See* Federal Bureau of Prisons, Federal Prison Facilities, available at: https://www.bop.gov/about/facilities/federal_prisons.jsp (last accessed July 5, 2023). The classifications are based on the level of security and staff supervision the institution is able to provide. *See id.* Redfern is housed at FCI-Allenwood Medium.

2

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 6-1, Declaration of Jennifer Knepper, BOP Supervisory Attorney ("Knepper Decl."), pp. 3-4, ¶ 4, citing 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present his complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. (*Id.*, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within

twenty calendar days of the date of the event or occurrence. (*Id.*, citing 28 C.F.R. § 542.14). The Warden shall provide a response within twenty calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). The Central Office has forty days to respond to the appeal. (*Id.*, citing 28 C.F.R. § 542.18). An inmate's appeal to the Central Office is the final administrative level of appeal in the BOP. (*Id.*, citing 28 C.F.R. 542.14(b)). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. 28 C.F.R. §§ 542.10-542.19.

    The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a

report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Redfern's Administrative Remedy Generalized Retrieval report indicates that he did not file any administrative remedies while in BOP custody. (Doc. 6-1, p. 9). In the habeas petition, Redfern claims that he exhausted his administrative remedies. (Doc. 1, p. 2). The undisputed record proves otherwise. Rather than comply with the administrative remedy process, Redfern wholly bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court. Despite being aware of the BOP's exhaustion requirements, Redfern failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). Redfern fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Redfern to invoke the judicial process despite failing to complete administrative review.

    **B.**    **Redfern's Claims are not Cognizable under § 2241**

A federal prisoner may challenge the fact, duration, or execution of his sentence in a petition for a writ of habeas corpus pursuant to § 2241. *See Woodall v. Fed. Bureau of*

*Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).  Generally, a challenge to the "fact" of a sentence is an inquiry into the legality of the detention, and relief for unlawful detention is discharge from detention.  *See Leamer v. Fauver*, 288 F.3d 532, 540-41 (3d Cir. 2002).  The "heart of habeas corpus" is immediate or speedier release from confinement.  *Id.* at 541.  Examples of habeas claims involving the duration of confinement include parole challenges, loss of good-time credits, and incorrect sentence calculations.  *See Wragg v. Ortiz*, No. 20-5496 (RMB), 2020 WL 2745247, at *14 (D.N.J. May 27, 2020) (citing cases).

Redfern challenges his classification as a medium security inmate.  Redfern's claim related to his BOP custody classification does not challenge the basic fact or duration of his imprisonment.  *See Levi v. Ebbert*, 2009 WL 2169171 at *5-7 (M.D. Pa. July 20, 2009) (claims which pertain to an inmate's custodial classification scores are not cognizable in a federal habeas petition), *aff'd* 353 F. App'x 681 (3d Cir. 2009); *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (petitioner's challenge to his security designation and custody classification could not be raised in habeas petition and must be brought in a civil rights complaint).  Because this claim does not affect the duration of Redfern's confinement, it is not cognizable in a habeas petition.

To the extent Redfern argues that his classification deprives him of liberty without due process in violation of the Fifth Amendment, this claim also appears to be without merit.  *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions

or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, *see* 18 U.S.C. § 4081, and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). For all the foregoing reasons, dismissal of the § 2241 petition is appropriate.

## III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. (Doc. 1). A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: July 5, 2023